

U.S. POSTAGE >> PITNEY BOWES

ZIP 41822  $ 006.73⁵
02 1W
0001376089 AUG 21 2015

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7011 5209 7000 0262 1121

Circuit Court Clerk Judy Collins·
Knott Circuit & District Courts
Knott County Judicial Center
53 West Main Street, P.O. Box 1317
Hindman, Kentucky 41822-1317

CI 15-CI-00169
636228

SOUTHWIRE COMPANY, LLC,
NATIONAL REGISTERED AGENTS, INC
306 WEST MAIN STREET
FRANKFORT KY 40601

40601189599

Generated:     08/21/2015

| AOC-S-105   Sum Code: CI<br>Rev. 7-99<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | <br>**Civil Summons** | Case Number  **15-CI-00169**<br>Court  CI<br>County  KNOTT |

*Plantiff,* FLEMING, KENNETH   VS. SOUTHWIRE COMPANY, LLC,, *Defendant*

SOUTHWIRE COMPANY, LLC,
NATIONAL REGISTERED AGENTS, INC
306 WEST MAIN STREET
FRANKFORT                    KY      40601

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, JUDY C. COLLINS

By _Diana Stone_____, DC

Date: 08/21/2015

| **Proof of Service** |
| --- |
| [  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)<br>     To: _____ |
| [  ] Not Served because: _____ |
| Date: _____, 2_____.          _____<br>                                                              Served by |

CI    15-CI-00169
FLEMING, KENNETH   VS. SOUTHWIRE COMPANY, LLC,

COMMONWEALTH OF KENTUCKY
KNOTT CIRCUIT COURT
C.A. NO. 15-CI-169

KENNETH FLEMING                                                                 PLAINTIFF

VS.                                                  **COMPLAINT**

SOUTHWIRE COMPANY, LLC
One Southwire Dr.
P.O. Box 1000
Carrollton, GA 30119                                                         DEFENDANT

Serve: National Registered Agents, Inc.
306 W. Main Street
Suite 512
Frankfort, KY 40601

FILED / RECEIVED
THIS 21st DAY OF Aug, 20 15
JUDY COLLINS, CLERK
BY: _____ D.C.

\*\*\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, Kenneth Fleming, and for his complaint states as follows:

1.      The Plaintiff states that he is 41 years of age, and is a resident of 2527 Left Fork of Long Fork, Virgie, Kentucky.

2.      The Defendant, Southwire Company, LLC is a foreign corporation, doing business within the Commonwealth of Kentucky, whose agent for service of process is National Registered Agents, Inc., 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

3.      On or about September 2, 2014, the Plaintiff was an employee of Kentucky Fuels and was working as an electrician for Kentucky Fuels in the Yellow Mountain area of Knott County, Kentucky.

4.      The Plaintiff states that as part of his job he is routinely around general electrical equipment ranging from high, medium, and low voltage.

5.      The Plaintiff states that he purchased a Southwire TIC Tracer from a Lowe's store in Pikeville, Kentucky, in the days prior to the incident that occurred on September 2, 2014.  The purpose of a TIC Tracer is to detect energized electrical sources, thereby providing protection for those working on electrical machinery.

6.      The Defendant, Southwire Company, LLC, is the manufacturer of the TIC Tracer purchased by the Plaintiff, which is more particularly described as a category 3 TIC Tracer, Serial Number 1403090342.  The Plaintiff states that the TIC Tracer was a defective product in that it failed to alert the Plaintiff that hazardous electrical conditions were present in the area where he was working.

As a result of said failure on or about September 12, 2014, the Plaintiff received a severe shock in the amount of 2400 volts from a transformer which he attempted to work on.   Said shock caused Plaintiff severe injuries, burns, disfiguration, psychological distress, and to become totally disabled.

7.      The Plaintiff has experienced, will likely continue to experience, extreme pain and suffering, loss of earnings and benefits, incur medical bills and will likely continue to incur medical bills, and has incurred a permanent injury.

8.      The Plaintiff states that if the TIC Tracer had worked properly he would have been alerted to the energized transformer and been able to take appropriate action. But for the TIC Tracer malfunctioning, the Plaintiff would have not remained in close proximity to the energized transformer that caused the shock and subsequent injuries previously described in this complaint.

9.      Subsequent testing conducted by Mine Safety and Health Administration Technical Support produced findings of both unreliability and inconsistency in the TIC

Tracer. These findings produce a sufficient quantum of circumstantial evidence required to show legal cause, as set forth in *Holbrook v. Rose*, 458 S.W2d 155, 157 (Ky. 1970).

WHEREFORE, the Plaintiff seeks relief as follows:

1.  Judgment against the Defendant;

2.  Trial by jury; and

3.  Compensation for the Plaintiff's past and future pain and suffering which includes: permanent disfigurement, anxiety, Post Traumatic Stress Disorder, seizures, Severe Traumatic Brain Injury, Tinnitus, hearing loss, sleep apnea, removal of Latissimus Dorsi muscle flap, optical change in his right eye, as well as past and future lost earnings and lost benefits.

RESPECTFULLY SUBMITTED,

PILLERSDORF, DEROSSETT & LANE
124 WEST COURT STREET
PRESTONSBURG, KY 41653
Telephone No.:  (606) 886-6090
Telecopier No.:  (606) 886-6148

_____
NED PILLERSDORF

3

**COMMONWEALTH OF KENTUCKY**
**KNOTT CIRCUIT COURT**
**CIVIL ACTION NO. 15-CI-169**

KENNETH FLEMING                                                    PLAINTIFF

v.

**DEFENDANT'S FIRST INTERROGATORIES, REQUESTS FOR**
**PRODUCTION OF DOCUMENTS, AND REQUEST FOR**
**ADMISSION TO PLAINTIFF KENNETH FLEMING**

SOUTHWIRE COMPANY, LLC                                            DEFENDANT

**SOUTHWIRE'S FIRST SET OF INTERROGATORIES, REQUESTS FOR**
**PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS**

Defendant Southwire Company, LLC ("Southwire"), by and through counsel, propounds

the following interrogatories, document production requests and requests for admission upon

Plaintiff Kenneth Fleming, pursuant to Rules 33, 34 and 36 of the Kentucky Rules of Civil

Procedure.  Plaintiff is requested to respond in writing within thirty (30) days.

**FIRST SET OF INTERROGATORIES**

The following Definitions and Instructions are applicable and are expressly incorporated

into these Interrogatories:

**DEFINITIONS**

All words used herein shall have their common meaning as used in the English language

or the Kentucky Rules of Civil Procedure.  The following definitions are applicable to these

Interrogatories and any subsequent Interrogatories or other discovery:

1.      "Plaintiff" refers to Kenneth Fleming, unless otherwise specified.  "You" or

"your" refers to Kenneth Fleming.

2.      "All" means "any" and vice versa.

3.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  This includes both written and non-written records of oral communications.

4.     "Complaint" refers to the Complaint filed on behalf of Plaintiff in this case.

5.     "Document" or "documents" means any "writings" or "recordings" as defined herein as, including letters, words, numbers, or their equivalent, or other form of data compilation.  As used herein, "document" shall include originals, all non-identical copies (whether different from the original because of handwritten notes or underlining or otherwise) of any kind of written, printed, typed, electronically created or stored, documentary material, or drafts thereof, including but not limited to, calendars, computer disks, computer files, correspondence, diaries, dictation belts, e-mails, memoranda, notes, notes of telephone conversations, and notes of any oral communications, phone-mails, photographs, publications, telegrams, transcripts, videotapes, voice tapes, and web pages, and any translation of any document.

6.     "Describe" means to state, to the extent known, all facts, documents, and witnesses that support your description.

7.     "Health Care Facility" as used herein shall mean any hospitals, clinics, outpatient facilities, offices, laboratories, pharmacies, substance abuse treatment centers, and all other locations at which medical care, treatment, or medication is provided by any Health Care Practitioner.

8.     "Health Care Practitioner" means any provider of health care, including physicians, osteopaths, medical doctors, psychologists, psychiatrists, nurses, nurse practitioners, school nurses, school nurse practitioners, lay therapists, rehabilitation counselors, counselors,

and alternative Health Care Practitioners such as, but not limited to, chiropractors or acupuncturists.

9.    "Identify" (when used in reference to a person) means to give, to the extent known, the person's full name and present or last known address.  When referring to a natural person, the present or last known place of employment must, to the extent known, be given. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

10.    "Identify" (when used in reference to a document) means to provide a description of that writing or document by providing the following information: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv)  author(s), address(es), and recipient(s).  If any such writing or document was, but no longer is, in your possession or control, state the disposition that was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

11.    "Including" means including but not limited to.

12.    "Person" is defined as any natural person or any business, legal, or governmental entity or association.

13.    "Relating to" includes referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing, or constituting.

## INSTRUCTIONS

1.    All information or documents are to be divulged which are not privileged and are

in the possession, custody, or control of Plaintiff, or Plaintiff's attorneys, investigators, agents, employees, representatives, or anyone acting on Plaintiff's behalf.

2.      Where knowledge or information in Plaintiff's possession, custody, or control is requested, such request includes knowledge or information possessed by Plaintiff's present or former attorneys, agents, subordinates, employees, representatives, and consultants.

3.      The singular form of a word shall be interpreted as a plural and the plural form of a word shall be interpreted as a singular whenever appropriate in order to bring within the scope of these Interrogatories any information that might otherwise be considered beyond their scope.

4.      If Plaintiff objects or refuses to answer in whole or in part the interrogatory propounded below, or if Plaintiff objects or refuses to produce any document requested below on the grounds that it falls within the scope of privilege or exemption, please state the basis for the objection and provide the following information with regard to each document that the Plaintiff is withholding:

      a.      The place, date (or approximate date), and manner of recording or otherwise preparing the document;

      b.      The name and title of sender, and the name and title of recipient of the document;

      c.      A summary of the contents of the document;

      d.      The identity of each person or persons (other than those providing stenographic or clerical assistance) participating in the preparation of the document;

e.   The identity of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization, the date(s) of each such communication; and

f.   A statement of the basis on which a privilege or exemption is claimed.

5.   These interrogatories are deemed to be continuing so as to require you to supplement your responses promptly in the event that you obtain additional responsive information or documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Please provide all names, nicknames, or aliases which Kenneth Fleming ever used or was known by and dates during which Kenneth Fleming was known by such name(s).

**ANSWER:**

**INTERROGATORY NO. 2:**      Please state Kenneth Fleming's date of birth and Kenneth Fleming's Social Security number.

**ANSWER:**

**INTERROGATORY NO. 3:**      Identify each Health Care Provider whom Kenneth Fleming consulted or who examined Kenneth Fleming for any mental or physical illness, injury, condition, or disability that you claim is related to the incident alleged in the Complaint, and identify each such illness, injury, condition, or disability for which Kenneth Fleming sought or received examination, consultation, or treatment.

**ANSWER:**

**INTERROGATORY NO. 4:**      Identify each Health Care Facility at which Kenneth Fleming was hospitalized or at which Kenneth Fleming received care, treatment, or medication,

inpatient or outpatient, for each mental or physical illness, injury, condition, or disability that you claim is related to the incident alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 5:**      Please state the name of any type of medication or drug or dietary supplement or herbal remedies, either prescribed or not prescribed, that you claim Kenneth Fleming took or is taking on account of the incident alleged in the Complaint, including the dosage of each such medication or drug, the dates such medication or drug was provided or prescribed, the identity of the doctor or pharmacist who prescribed or dispensed the medicine or drug and the store from which the medicine or drug was purchased, and the reason or reasons for which Kenneth Fleming took the medicine or drug.

**ANSWER:**

**INTERROGATORY NO. 6:**      Describe in detail each and every injury, illness, side effect, or physical, psychiatric, or psychological condition, defect, deformity, or abnormality you claim resulted to Kenneth Fleming from the incident alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 7:**      Identify every insurance company to which Kenneth Fleming ever applied for life, health, COBRA, cancer, accident, liability, vehicle, home, umbrella, or disability insurance or from which such insurance coverage was ever sought on Kenneth Fleming's behalf, including but not limited to any group insurance, and for each such application state the type of insurance sought, the date of application, whether a policy was issued, any numbers assigned, the agency through which each application was submitted, the time period during which the policy was in effect, and, if applicable, the date of and reason for denial of Kenneth Fleming's application or cancellation of Kenneth Fleming's policy.

**ANSWER:**

**INTERROGATORY NO. 8:**     State whether Kenneth Fleming ever submitted any claim for benefits under any life, health, COBRA, cancer, accident, liability, vehicle, home, umbrella, or disability insurance plan or policy or governmental program, including but not limited to claims for Social Security, Medicaid, Medicare, worker's compensation, or unemployment compensation; if Kenneth Fleming ever submitted such a claim, state for each such claim the date the claim was submitted, the nature of the claim, the place where the claim arose, the identity of the person or office to whom the claim was submitted, and any action taken on the claim.

**ANSWER:**

**INTERROGATORY NO. 9:**     Describe any benefit, payment or award applied for or received by Kenneth Fleming with regard to the injuries and/or other items related to the incident alleged in the Complaint, including the nature, amount and issuer of the benefit, payment or award.

**ANSWER:**

**INTERROGATORY NO. 10:**     Identify the full amount of medical expenses incurred to date with regard to the incident alleged in the Complaint, regardless of what amounts were actually billed or paid, and regardless of whether any expenses were paid or reimbursed by any other source or entity; and identify any and all surgery, treatment, or medical expense expected to be necessitated in the future on account of the incident alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 11:**     Identify each job held by Kenneth Fleming in the ten (10) years preceding the incident described in the Complaint, listing the name and address of the employer, the typical hours worked per week, and the hourly pay, fees or salary for each job.

**ANSWER:**

**INTERROGATORY NO. 12:**     Describe Kenneth Fleming's employment at the time that he was working as an electrician for Kentucky Fuels, with the name and address of his employer, the typical hours worked per week, and his hourly pay, fees or salary, and, to the extent it differs, describe Kenneth Fleming's employment from the time that he was allegedly injured as described in the Complaint to the present, including the identity of his employer(s), any decrease in his normal working hours and/or hourly pay or salary, and any actual or threatened changes in his employment or salaried status.

**ANSWER:**

**INTERROGATORY NO. 13:**     Identify how many hours of employment that Kenneth Fleming has been prevented from working on account of the incident described in the Complaint to date, and the corresponding lost wages, fees, or salary.

**ANSWER:**

**INTERROGATORY NO. 14:**     Identify any evidence supporting your claim that Kenneth Fleming has had his power to earn money impaired, including any specific instance(s) in which such an impairment has occurred as a result of the incident described in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 15:**     If you denied any of the Requests for Admission set forth herein, in whole or in part, please explain for each Request denied the reason for the denial and any facts or documents supporting that denial.

**ANSWER:**

**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34.02 of the Kentucky Rules of Civil Procedure, Southwire requests that Plaintiff produce for inspection and copying by Southwire at the offices of its attorneys, Stites & Harbison PLLC, 250 West Main Street, Suite 2300, Lexington, KY 40507, on the thirtieth (30th) day after the service of these requests, the documents or objects described below that are in the possession, custody, and control of Plaintiff or his agents or attorneys.

Southwire incorporates herein by reference the Definitions contained in its First Interrogatories above, and hereby instructs Plaintiff:

**INSTRUCTIONS**

1.      Produce documents for inspection in their original form exactly as they are kept in the usual course of business or organize and label them to correspond to the categories in this request for production.

2.      All designated documents are to be taken as including all attachments and enclosures.  If any portion of a document is responsive to a request, the entire document should be produced.  If documents responsive to this request are normally kept in a file or other folder, then also produce that file or folder.

3.      The documents requested herein specifically include without limitation those documents in your possession, custody, or control.

4.      If privilege is claimed as to any document otherwise covered by this request for production, Southwire requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether such document is entitled to be accorded privileged status.

5.     These requests for production are deemed to be continuing so as to require you to supplement your responses promptly in the event that you obtain additional responsive information or documents.

The documents to be produced are as follows:

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   A signed release and authorization for insurance records in the form attached as Exhibit A.

**RESPONSE:**

**REQUEST NO. 2:**   A signed release and authorization for medical records in the form attached as Exhibit B.

**RESPONSE:**

**REQUEST NO. 3:**   A signed release and authorization for social security records in the form attached as Exhibit C.

**RESPONSE:**

**REQUEST NO, 4:**   A signed release and authorization for tax records in the form attached as Exhibit D.

**RESPONSE:**

**REQUEST NO. 5:**   A signed release and authorization for employment records in the form attached as Exhibit E.

**RESPONSE:**

**REQUEST NO. 6:**   A signed release and authorization for workers compensation records in the form attached as Exhibit F.

**RESPONSE:**

**REQUEST NO. 7:**    Please produce all documents identified, disclosed, referenced, or relied upon by Plaintiff in answering Southwire's First Interrogatories to Plaintiff Kenneth Fleming.

**RESPONSE:**

**REQUEST NO. 8:**    Please produce all documents and communications of any kind relating to Kenneth Fleming's employment status or pay following the incident alleged in the Complaint.

**RESPONSE:**

**REQUEST NO. 9:**    Please produce all documents concerning or evidencing any loss or damage suffered by Plaintiff as a result of the incident that forms the basis of this Lawsuit, including claims for medical expenses (past or future), lost income or wages (past or future), or loss or impairment of earning capacity.

**RESPONSE:**

**REQUEST NO. 10:**    Please produce any documents, including applications accepted or rejected, evidencing or relating to the coverage or lack of coverage of any item of special damages claimed, including but not limited to all medical expenses, past and future lost wages, hospital bills, physician bills, medical bills, or insurance or other benefits of any kind, including but not limited to worker's compensation coverage, unemployment benefits, Social Security benefits, or any other available disability supplement or support of any kind.

**RESPONSE:**

**REQUEST NO. 11:**    Please produce any documents relating to any care or treatment you received from any Health Care Provider or at any Health Care Facility relating to the incident alleged in the Complaint.

**RESPONSE:**

**REQUEST NO. 12:**  Please produce all insurance policies, settlement agreements, guarantees, releases, covenants not to sue, or similar documents related to the incident alleged in the Complaint.

**RESPONSE:**

**REQUEST NO. 13:**  Please provide federal or state income tax returns, including W-2 forms, filed by Kenneth Fleming or on Kenneth Fleming's behalf for the five (5) years preceding the filing of the Lawsuit until the present.

**RESPONSE:**

**REQUEST NO. 14:**  Please provide a complete copy of any reports, documents or other materials concerning investigation of this incident by the Mine Safety and Health Administration, and by any other individual, organization or entity that inspected, studied, investigated or otherwise commented upon the device at issue.

**RESPONSE:**

## FIRST REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Kentucky Rules of Civil Procedure, Southwire serves the following Requests for Admission upon Plaintiff to be either admitted or denied within the time period specified in Rule 36.  In accordance with Rule 36, if you do not admit a Request, you must either specifically deny the Request or set forth in detail the reasons why you cannot truthfully admit or deny the Request.

**REQUEST NO. 1:**   Please admit that the total amount of damages sought by the

Plaintiff in this action, exclusive of interest and costs, exceeds $75,000.

   **RESPONSE:**


                                      *[signature]*
                                      Daniel E. Danford
                                      Emily L. Startsman
                                      STITES & HARBISON PLLC
                                      250 West Main Street, Suite 2300
                                      Lexington, KY 40507-1758
                                      Telephone: 859-226-2292
                                      Facsimile: 859-425-7944

                                      *Counsel for Defendant*


## CERTIFICATE OF SERVICE

   I hereby certify that on September 28, 2015, I served a copy of the foregoing by email and first class mail upon:

      Ned Pillersdorf
      Pillersdorf, DeRossett & Lane
      124 West Court Street
      Prestonsburg, KY 41653
      *pillersn@gmail.com*

      *Counsel for Plaintiff*

                                      *[signature]*
                                      Emily L. Startsman

## AUTHORIZATION AND RELEASE
## FOR INSURANCE RECORDS AND REPORTS

TO:

I hereby authorize and request the above named educational institution to furnish the law firm of **Stites and Harbison, PLLC, 250 West Main Street, Suite 2300, Lexington, KY 40507** and any of their agents or designees copies of any and all recorded information concerning _____ , including by way of example, but not limited to the following:

Applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, psychiatric, psychological or renewals for insurance coverage, or claims; all physicians', hospital, radiological films and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim pain; records of all litigation; and any and other records of any kind concerning or pertaining to the insured.

You are hereby released from any and all liability in connection with the disclosure of records, documents, writings, and physical evidence to the above firms.

This authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof.

This authorizations also includes the authority to copy and inspect any and all such information.

A copy of this authorization may be used in place of and with the same force and effect as the original.

**KENNETH FLEMING**_____          _____
Name of Insured                                                          Signature

_____
Former/Alias/Maiden Name of Insured

_____
Date of Birth of Insured

_____
Social Security Number of Insured

DY47:46150:569358:1:LEXINGTON

## <u>AUTHORIZATION TO RELEASE PROTECTED HEALTH CARE INFORMATION</u>

TO:    _____
       _____
       _____

Pursuant to the Health Information Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, the above-named health care provider is hereby authorized to release to **STITES & HARBISON, PLLC** or any of its representatives all medical records, including but not limited to: office notes, history, physical, consultation notes, discharge summaries, order and progress notes, laboratory results, nurses notes, emergency room records, operative records, in-patient records and films of x-rays, MRIs or PET scans, medical bills and health insurance, Medicaid or Medicare records, concerning any medical treatment that **KENNETH FLEMING**, Date of Birth: _____ has received from you, at your institution, or which you keep in the regular course of business. I hereby authorize release of all records regarding mental health, psychiatric, chemical dependency or HIV. A photostatic copy hereof shall be as valid as the original. The cost of same to be charged to **STITES & HARBISON PLLC.**

The purpose of this authorization and request is to obtain *ALL* medical information pertaining to **KENNETH FLEMING's** physical condition. This information may be relevant as it pertains to certain personal injury litigation, styled *Kenneth Fleming v. Southwire Company, LLC*, Knott Circuit Court, Civil Action No. 15-CI-169. This authorization expires at the **conclusion of said litigation.** The aforementioned expiration date has not passed, as this matter is ongoing.

I hereby authorize attorneys of **STITES & HARBISON PLLC** to take testimony at deposition or trial as may be requested.

**KENNETH FLEMING** has the right to revoke this authorization in writing by providing a signed, written notice of revocation to the above-named health care provider and **STITES & HARBISON PLLC**, except that the undersigned may not revoke this authorization to the extent that the covered entity has taken action in reliance thereon. Medical providers may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

_____

**KENNETH FLEMING**


SSN.: _____
DOB:_____
Date of Signature:_____

DY47:46150:569358:1:LEXINGTON

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*signifies a required field).

**TO: Social Security Administration**

KENNETH FLEMING
_____    _____    _____
\*My Full Name                        \*My Date of Birth                      \*My Social Security Number
                                                    (MM/DD/YYYY)

I authorize the Social Security Administration to release information or records about me to:

| \*NAME OF PERSON OR ORGANIZATION: | \*ADDRESS OF PERSON OR ORGANIZATION: |
|---|---|
| Stites & Harbison, PLLC | 250 West Main Street, STE 2300 |
|  | Lexington, KY 40507 |

\*I want this information released because:     litigation purposes
    We may charge a fee to release information for non-program purposes.

_____
_____

**\*Please release the following information selected from the list below:**

You must specify the records you are requesting by checking at least one box. We will not honor a request for "any and all records" or "my entire file." Also, we will not disclose records unless you include the applicable date ranges where requested.

1. ☐ Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☐ My benefit or payment amounts from date_____ to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☐ Medical records from my claims folder(s) from date_____ to date_____
       If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.
7. ☐ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file **(you must specify the records you are requesting, e.g., doctor report, application, determination or questionnaire)**

_____
_____

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeks or obtain access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

\*Signature: _____              \*Date: _____

\*Address: _____

Relationship (if not the subject of the record): _____    \*Daytime Phone: _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

Form SSA-3288 (07-2013) EF (07-2013)

Form **4506**

(Rev. September 2013)

Department of the Treasury
Internal Revenue Service

### Request for Copy of Tax Return

▶ Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return**, or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Return or Account Transcript" or call 1-800-908-9946.

| 1a Name shown on tax return. If a joint return, enter the name shown first.<br><br>KENNETH FLEMING | 1b First social security number on tax return,<br>Individual taxpayer identification number, or<br>employer identification number (see instructions) |
|---|---|
| 2a If a joint return, enter spouse's name shown on tax return. | 2b Second social security number or individual<br>taxpayer identification number if joint tax return |

3  Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

4  Previous address shown on the last return filed if different from line 3 (see instructions)

5  If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Stites & Harbison, PLLC, 250 West Main Street, STE 2300, Lexington, KY 40507  (859) 226-2300**

**Caution.** *If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.*

6  **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

   **Note.** *If the copies must be certified for court or administrative proceedings, check here* . . . . . . . . . . . . . . . . ☒

7  **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

   _____   _____   _____

   _____   _____   _____

| 8 | Fee. There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected.** Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order. | | |
|---|---|---|---|
| a | Cost for each return . . . . . . . . . . . . . . . . . . | $ | 50.00 |
| b | Number of returns requested on line 7 . . . . . . . . . . . | | |
| c | Total cost. Multiply line 8a by line 8b . . . . . . . . . . | $ | |

9  If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☒

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note.** *For tax returns being sent to a third party, this form must be received within 120 days of the signature date.*

Phone number of taxpayer on line
1a or 2a

**Sign
Here**

▶ Signature (see instructions)                    Date

  Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature                              Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 41721E          Form **4506** (Rev. 9-2013)

**AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS**

TO:

    I, **KENNETH FLEMING**, hereby authorize and request that you furnish the law firm of **STITES & HARBISON, PLLC**, 250 West Main Street, Suite 2300, Lexington, Kentucky 40507, or any of its representatives, any and all personnel or employment related records or other information relating to my employment. This Authorization and Request covers, but is not limited to, release of all documents relating to employment applications, interviews, earning/wages, time and attendance, disciplinary actions and procedures, workers' compensation claims, contracts, correspondence, termination reports, notes and any and all other documents relating to my employment. Pursuant to Health Information Probability and Accountability Act (HIPAA) Privacy Regulations, 42 CFR §164.512 (e) (1)(iii), this includes my records concerning medical or psychiatric care, substance abuse treatment, job related sickness or injury, FMLA requests, disability, and/or pre-employment medical examination records.

    The purpose of this Authorization and Request is to obtain ALL employment information pertaining to me, **KENNETH FLEMING**, which may be relevant as it pertains to the litigation styled: _Kenneth Fleming v. Southwire Company, LLC_, Knott Circuit Court, Civil Action No. 15-CI-169. I release you from any liability associated with the release of my protected employment information to **STITES & HARBISON, PLLC**.

    I am only executing an original of this Authorization. I agree that copies of this Authorization are as valid as the original hereof and that this Authorization will expire on the entry of a final judgment and the exhaustion of all available appeals in litigation.

    When my information is used or disclosed pursuant to this authorization, it may be subject to re-disclosure by the recipient and may no longer be protected by federal law. I have the right to revoke this authorization in writing at any time, except to the extent that you have already acted in reliance on it. Any written revocation must be submitted to your Records Custodian at your business address, with a copy sent at the same time to **Dan Danford or Emily Startsman at Stites & Harbison, PLLC.**


| | | |
|---|---|---|
| **KENNETH FLEMING** | Date of Birth | Social Security No. |
| *(please print name)* | | |


| | |
|---|---|
| Signature | Date |

## AUTHORIZATION AND RELEASE
## FOR WORKER'S COMPENSATION RECORDS AND REPORTS

TO:

I hereby authorize and request the above named educational institution to furnish the law firm of **Stites and Harbison, PLLC 250 West Main Street, Suite 2300, Lexington, KY  40507** and any of their agents or designees copies of any and all recorded information concerning **KENNETH FLEMING**, including by way of example, but not limited to the following:

> All worker's compensation claims, including claim petitions, judgments, findings; notices of hearings, hearing records, transcripts, decisions and orders, all depositions and reports of witnesses and expert witnesses; employer's accident reports, all other accident, injury or incident reports; all medical records; records of payment made; investigatory reports and records; and any other records relating to the above-named; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians' hospital,  medical, psychiatric, and health reports, x-rays; test results, physical examinations; any records relating to claims made relating to health, disability or accidents in which he/she was involved,. Including correspondence, reports, claim forms, questionnaires, record of payments made to physicians, hospitals, and health institutions or professionals; any statements of account, bills or invoices.

You are hereby released from any and all liability in connection with the disclosure of records, documents, writings, and physical evidence to the above firms.

This authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof.

This authorizations also includes the authority to copy and inspect any and all such information.

A copy of this authorization may be used in place of and with the same force and effect as the original.

**KENNETH FLEMING**
Name of Worker                                         Signature


Former/Alias/Maiden Name of Worker          Date of Birth of Worker


Social Security Number of Worker

**Danford, Daniel E.**

| | |
|---|---|
| **From:** | Startsman, Emily |
| **Sent:** | Wednesday, October 07, 2015 3:02 PM |
| **To:** | Danford, Daniel E. |
| **Subject:** | FW: Fleming vs. Southwire |
| **Attachments:** | Amended Complaint - filed.pdf |

**From:** Mitch Kinner [mailto:mdkinner@bellsouth.net]
**Sent:** Wednesday, October 07, 2015 2:47 PM
**To:** Startsman, Emily
**Subject:** Fleming vs. Southwire

Emily,

   We are handling the case of Kenneth Fleming as Co-Counsel with Ned Pillersdorf. Attached to this email you will find the Amended Complaint. Also, just to let you know that we will be responding to the discovery within the next 10 days. If you have any questions in the meantime please do not hesitate to contact me.

*Lee Ann Blair*
*Legal Secretary to Mitchell D. Kinner*

*Kinner & Patton Law Offices*
*245 Main Street*
*Paintsville, Kentucky 41240*
*Phone: (606) 789-6161*
*Fax: (606) 789-6061*

NOTICE: THIS MESSAGE IS INTENDED ONLY FOR THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR ATTORNEY WORK PRODUCT. IF YOU ARE NOT THE INTENDED RECIPIENT, DO NOT READ, COPY, RETAIN OR DISSEMINATE THIS MESSAGE OR ANY ATTACHMENT. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE CALL THE SENDER IMMEDIATELY AT (606) 789-6161 AND DELETE ALL COPIES OF THE MESSAGE AND ANY ATTACHMENT. NEITHER THE TRANSMISSION OF THIS MESSAGE OR ANY ATTACHMENT, NOR ANY ERROR IN TRANSMISSION OR MISDELIVERY SHALL CONSTITUTE WAIVER OF ANY APPLICABLE LEGAL PRIVILEGE.

COMMONWEALTH OF KENTUCKY
KNOTT CIRCUIT COURT
C.A. NO: 15-CI-00169

KENNETH FLEMING                                          PLAINTIFF

vs.

SOUTHWIRE COMPANY, LLC

and

PREMIUM COAL COMPANY, INC.

      Serve:  CT Corporation System
              800 S Gay Street
              Suite 2021
              Knoxville, TN 37929-9710

and

SOUTHERN COAL KENTUCKY CORPORATION

      Serve:  CT Corporation System
              306 West Main Street
              Suite 512
              Frankfort, KY 40601

and

KENNETH LAMBERT

      Serve:  Kenneth Lambert
              4782 Pennsylvania Avenue
              Roanoke, VA 24019-5257

                                          DEFENDANTS

# AMENDED COMPLAINT WITH JURY DEMAND

1

Comes now the Plaintiff, Kenneth Fleming, (hereinafter "Fleming"), by and through counsel, pursuant to CR 15.01 and for his Amended Complaint with Jury Demand against the Defendants, Southwire Company, Inc., (hereinafter "Southwire"), Premium Coal Company, Inc. (hereinafter "Premium"), Southern Coal Kentucky Corporation, (hereinafter "Southern"), and Kenneth Lambert, (hereinafter "Lambert"), states:

### PARTIES, JURISDICTION AND VENUE

1.      Fleming re-alleges and incorporates by reference all allegations contained in his original Complaint filed herein, a copy of which is attached as Exhibit "1".

2.      Fleming is a resident of 2527 Left Fork of Long Fork, Virgie, Pike County, Kentucky.

3.      Southwire was properly served with a copy of the original Complaint and Summons on August 27, 2015 and was granted an extension of time within which to file its first responsive pleading.

4.      Premium is a foreign corporation formed in Tennessee, but doing business within the Commonwealth of Kentucky and who has designated its Agent for Service Process as CT Corporation System, 800 S Gay Street, Suite 2021Knoxville, TN 37929-9710.

5.      Southern is a foreign corporation formed in Delaware, but doing business with the Commonwealth of Kentucky and who has designated its Agent for Service Process as CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky.

6.      Lambert, at all times herein concerned was an resident of 4782 Pennsylvania Avenue, Roanoke, VA 24019-5257, and was also an employee/agent of Southern.

7.      A few days prior to September 02, 2014, Premium delivered a highwall miner system to Kentucky Fuel to be used in the Yellow Mountain area of Knott County, Kentucky. When Premium transferred and delivered possession of the highwall miner system to Kentucky Fuel it was in a defective, dangerous and unsafe condition.

8.      On or about September 02, 2014, Fleming was an employee of Kentucky Fuel and was troubleshooting an electrical issue on the delivered highwall miner system. Fleming was being assisted by Lambert in doing the troubleshooting but Lambert negligently failed to ensure the electrical circuit had been properly locked and tagged out of service prior to doing the troubleshooting.

9.      While doing the troubleshooting Fleming was using a non-contact voltage detector which was designed, manufactured, sold and/or distributed by Southwire but the same was in a defective condition and as a result the detector failed to detect an energized electrical circuit.

10.     As a result of the defective condition of the highwall miner system and the voltage detector, coupled with the negligence of Lambert, Fleming received an electrical shock causing him to have severe permanent injuries resulting in past and future pain and suffering, past and future medical expenses, lost wages, and impairment in his ability to earn wages in the future.

11.     As a further result of Fleming's injuries, he was under a mental disability until his discharge from the JMS Burn Center in Augusta, GA on October 02, 2014.

12.     Jurisdiction over Southwire, Premium, Southern, and Lambert is afforded by virtue of KRS 452.210 commonly referred to as the "Kentucky Long Arm Statue". Venue is proper in as much as the acts and omissions committed by Southwire, Premium, Southern, and Lambert occurred in Kentucky and Fleming is seeking damages in an amount which exceeds the minimum jurisdictional limits of this Court.

## COUNT I
## STRICT LIABILITY AGAINST SOUTHWIRE

13.     Fleming re-alleges and incorporates, by reference, the original Complaint filed herein and numerical paragraphs 1 thru 12 above.

14.     Southwire was engaged in the manufacture and/or sale of non-contact voltage detectors, including non-contact AC voltage detectors, Model 40110N which were expected to reach consumers or users in the condition in which they were sold, including the voltage detector involved in this occurrence.

15.     On September 02, 2014, Fleming was using the Model 40110N non-contact voltage detector, which was manufactured and placed in the stream of commerce by Southwire.

16.     While Fleming was using the voltage detector as intended, the same failed to operate as manufactured or designed and the same was a substantial factor in causing an electrocution to Fleming, which, in turn, caused him to suffer

4

significant injuries resulting in lost wages; pain and suffering, past and future; medical expenses, past and future; permanent impairment and disfigurement; and impairment of his ability to earn money.

17.     Fleming, while using the voltage detector on September 02, 2014, was unaware of any defect in the same or any danger in using the same as it was manufactured and designed.

18.     When Fleming sustained the above injuries and damages, the voltage detector, as manufactured and placed into the stream of commerce by Southwire, was in a defective condition and unreasonably dangerous to a user or consumer.  Said condition was not observable by Fleming and instead he relied on Southwire to manufacture and sell the detector in a condition fit for the use for its intended purpose.  The breach by Southwire of its duty to Fleming was a substantial factor in causing the electrocution and his resulting injuries and damages described above.

<u>COUNT II</u>
<u>NEGLIGENCE AGAINST SOUTHWIRE</u>

19.     Fleming re-alleges and incorporates, by reference, the original Complaint filed herein and numerical paragraphs 1 thru 12 above.

20.     Southwire negligently designed, manufactured, assembled, maintained, inspected, and/or sold the non-contact AC voltage detector Model 40110N used by Fleming as described above.  The voltage detector was dangerous and unsafe.

21.    The negligence of Southwire was a substantial factor in causing the electrocution and, in turn, causing Fleming to sustain significant injuries, resulting in lost wages; pain and suffering, past and future; medical bills, past and future; permanent impairment and disfigurement; and impairment of his ability to earn money.

## COUNT III
## NEGLIGENCE OF PREMIUM

22.    Fleming re-alleges and incorporates, by reference, the original Complaint filed herein and numerical paragraphs 1 thru 12 above.

23.    Prior to the September 02, 2014, Premium, and or its officers, directors, employees and/or agents, owned, controlled, operated, inspected, maintained, and/or repaired the highwall miner system subsequently delivered to Kentucky Fuel.

24.    When Premium delivered and/or transferred the highwall miner system to Kentucky Fuel, it was negligent and grossly negligent by its failure to exercise ordinary and reasonable care in the performance of its duties including, but not limited to: (a) inspecting, operating, maintaining and repairing the defective highwall miner system; (b) warning transferees of the defective highwall miner system, including, but not limited to Kentucky Fuel and Fleming, of known danger and dangers of which Premium should have known; (c) reasonably maintaining, repairing and providing adequate safety protection including, but not limited to a functional vacuum circuit breaker and properly functioning vacuum load break switch; (d) properly inspectioning of the highwall miner system for the

6

existence of defects and/or (e) otherwise complying with its general duty of care to foreseeable persons in or using the highwall miner system, including Fleming.

25.     Premium knew or should have known the failure to exercise ordinary and reasonable care in exercising its duties, including, but not limited to, the duties set forth herein would result in serious injury or death to persons in or using the highwall miner system, including Fleming.

26.     The negligence of Premium was a substantial factor in causing the electrocution and, in turn, causing Fleming to sustain significant injuries, resulting in lost wages; pain and suffering, past and future; medical bills, past and future; permanent impairment and disfigurement; and impairment of his ability to earn money.

## COUNT IV
## NEGLIGENCE OF SOUTHERN AND LAMBERT

27.     Fleming re-alleges and incorporates, by reference, the original Complaint filed herein and numerical paragraphs 1 thru 12 above.

28.     On September 02, 2014, Lambert, an employee of Southern, owed a duty to Fleming to create safe working conditions on and near the highwall miner system.

29.     On said date Lambert violated this duty by failing to lockout and suitably tag the disconnecting device on the highwall miner system prior to Fleming conducting electrical work on the same.

30.     Lambert's failure created an unsafe working condition and was a violating of Federal safety statutes, rules or regulations.

31.     The negligence of Lambert was a substantial factor in causing the electrocution and, in turn, causing Fleming to sustain significant injuries, resulting in lost wages; pain and suffering, past and future; medical bills, past and future; permanent impairment and disfigurement; and impairment of his ability to earn money.

32.     At the time of Lambert's negligent conduct as described above he was an employee, agent, servant and/or representative of Southern and was thus acting within the course and scope of his employment, agency and/or representative capacity of Southern.

33.     Based on the employee-employer, master-servant, agency and/or representative relationship, which existed between Lambert and Southern at the time when he violated his duty to Fleming, they are thus jointly and severally liable for Lambert's negligence and/or his gross negligence and the resulting damages to Fleming as described above.

## PUNITIVE DAMAGES AGAINST
## SOUTHWIRE, PREMIUM, SOUTHERN AND LAMBERT

34.     All paragraphs of the original Complaint are re-alleged and incorporated by reference and paragraphs 1 through 33 above are re-alleged and incorporated by reference.

35.     The injuries suffered by Fleming were the direct and proximate result of the gross and wanton conduct of the Defendants, Southwire, Premium,

Southern and Lambert and these Defendants knew the violation of those duties would result in serious injury or death to persons, including Fleming.

36.     As a direct and proximate cause and result of the gross and wanton conduct of the Defendants, Southwire, Premium, Southern and Lambert,  Fleming was severely injured and therefore he is entitled to recover punitive damages against them in an amount in excess of the jurisdictional limits of this Court.

**WHEREFORE**, Fleming prays:

1.     On each count as stated above, that he be awarded damages in an amount in excess of the minimum jurisdictional limits of this Court for pain and suffering, past and future; lost wages; medical expenses, past and future; permanent impairment and disfigurement; and impairment of his ability to earn money;

2.     He be awarded an amount in excess of the minimum jurisdictional limits of this Court for punitive damages for the gross and wanton conduct of the Defendants, Southwire, Premium, Southern and Lambert;

3.     Judgment to be entered against the Defendants, Southwire, Premium, Southern and Lambert, for their negligence and gross negligence in causing the injuries and damages described above;

4.     He be awarded his taxable costs;

5.     He be awarded reasonable attorney fees;

6.     The case be tried by a jury; and

7.     All other relief to which the Court deems appropriate.

9

RESPECTFULLY SUBMITTED,

KINNER & PATTON
245 MAIN STREET
PAINTSVILLE, KENTUCKY 41240
TELEPHONE NO.: (606) 789-6161
FACSIMILE NO.: (606) 789-6061

By: _____

MITCHELL D. KINNER
ATTORNEY FOR PLAINTIFF


PILLERSDORF, DEROSSETT & LANE
124 WEST COURT STREET
PRESTONSBURG, KENTUCKY 41653
TELEPHONE NO.: (606) 886-6090
FACSIMILE NO.: (606) 886-6148

10

COMMONWEALTH OF KENTUCKY
KNOTT CIRCUIT COURT
C.A. NO. 15-CI-169

KENNETH FLEMING                                                      PLAINTIFF

VS.                              **COMPLAINT**

SOUTHWIRE COMPANY, LLC
One Southwire Dr.
P.O. Box 1000
Carrollton, GA 30119

Serve: National Registered Agents, Inc
       306 W. Main Street
       Suite 512
       Frankfort, KY 40601

> FILED ___ TENDERED
> RECEIVED ___ ENTERED
> THIS 21ST DAY OF *Aug*
> JUDY COLLINS, CLERK
> BY: _____ D.C.

DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Kenneth Fleming, and for his complaint states as follows:

1.     The Plaintiff states that he is 41 years of age, and is a resident of 2527 Left
Fork of Long Fork, Virgie, Kentucky.

2.     The Defendant, Southwire Company, LLC is a foreign corporation, doing
business within the Commonwealth of Kentucky, whose agent for service of process is
National Registered Agents, Inc., 306 W. Main Street, Suite 512, Frankfort, Kentucky
40601.

3.     On or about September 2, 2014, the Plaintiff was an employee of
Kentucky Fuels and was working as an electrician for Kentucky Fuels in the Yellow
Mountain area of Knott County, Kentucky.

4.     The Plaintiff states that as part of his job he is routinely around general
electrical equipment ranging from high, medium, and low voltage.



5.     The Plaintiff states that he purchased a Southwire TIC Tracer from a Lowe's store in Pikeville, Kentucky, in the days prior to the incident that occurred on September 2, 2014.  The purpose of a TIC Tracer is to detect energized electrical sources, thereby providing protection for those working on electrical machinery.

6.     The Defendant, Southwire Company, LLC, is the manufacturer of the TIC Tracer purchased by the Plaintiff, which is more particularly described as a category 3 TIC Tracer, Serial Number 1403090342.  The Plaintiff states that the TIC Tracer was a defective product in that it failed to alert the Plaintiff that hazardous electrical conditions were present in the area where he was working.

As a result of said failure on or about September 12, 2014, the Plaintiff received a severe shock in the amount of 2400 volts from a transformer which he attempted to work on.   Said shock caused Plaintiff severe injuries, burns, disfiguration, psychological distress, and to become totally disabled.

7.     The Plaintiff has experienced, will likely continue to experience, extreme pain and suffering, loss of earnings and benefits, incur medical bills and will likely continue to incur medical bills, and has incurred a permanent injury.

8.     The Plaintiff states that if the TIC Tracer had worked properly he would have been alerted to the energized transformer and been able to take appropriate action. But for the TIC Tracer malfunctioning, the Plaintiff would have not remained in close proximity to the energized transformer that caused the shock and subsequent injuries previously described in this complaint.

9.     Subsequent testing conducted by Mine Safety and Health Administration Technical Support produced findings of both unreliability and inconsistency in the TIC

Tracer. These findings produce a sufficient quantum of circumstantial evidence required to show legal cause, as set forth in *Holbrook v. Rose*, 458 S.W2d 155, 157 (Ky. 1970).

WHEREFORE, the Plaintiff seeks relief as follows:

1.     Judgment against the Defendant;

2.     Trial by jury; and

3.     Compensation for the Plaintiff's past and future pain and suffering which includes: permanent disfigurement, anxiety, Post Traumatic Stress Disorder, seizures, Severe Traumatic Brain Injury, Tinnitus, hearing loss, sleep apnea, removal of Latissimus Dorsi muscle flap, optical change in his right eye, as well as past and future lost earnings and lost benefits.

RESPECTFULLY SUBMITTED,

PILLERSDORF, DEROSSETT & LANE
124 WEST COURT STREET
PRESTONSBURG, KY 41653
Telephone No.: (606) 886-6090
Telecopier No.: (606) 886-6148

NED PILLERSDORF

3



KNOTT COUNTY JUDICIAL CENTER
53 WEST MAIN STREET, SUITE 138
PO BOX 1317
HINDMAN, KY 41822
judysmith53@yours.net
Phone-606-785-5021
FAX-606-785-3994



# FAX

**TO** Monica

**FAX:** 859-231-0011     **PAGES:** 4 w/cover

**DATE:** 10-19-15     **RE:** 15-C-I-169

from:( )Judy ( )Pat ( )Madeline ( )Lisa
( )Tammy( )Misty ( )Diana (X)Hope

2015-05-12 14:28      KNOTT CO CIR CLK 6067853994 >> Frost Brown Todd LLC      P 2/5

15-CI-169

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

15-CI-169

1. Article Addressed to:

SOUTHERN COAL KENTUCKY CORP.
CT CORPORATION STYSTEM
306 WEST MAIN STREET
SUITE 512
FRANKFORT, KY 40601

9590 9403 0598 5183 5668 07

2. Article Number (Transfer from service label)
7011 2970 0001 6025 1532

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Melissa* ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Melissa Moore

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053      Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

15-CI-169

1. Article Addressed to:

PREMIUM COAL COMPANY, INC
CT CORPORATION SYSTEM
800 S GAY STREET
SUITE 2021
KNOXVILLE, TN. 37929-9710

9590 9403 0598 5183 5667 91

2. Article Number (Transfer from service label)
7011 2970 0001 6025 1549

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature   Chicka Milligan
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
SEP 28 2015

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053      Domestic Return Receipt

---

X   FILED      TENDERED
    RECEIVED   ENTERED
THIS 5 DAY OF October 20 15
JUDY COLLINS, CLERK
BY:                          D.C.

---

2015-05-12 14:29     KNOTT CO CIR CLK 6067853994 >> Frost Brown Todd LLC     P 3/5

Rev. 7-99

Commonwealth of Kentucky
Court of Justice
CR 4.02; Cr Official Form 1



Case Number 15-CI-00169
Court CI
County KNOTT

Civil Summons

*Plantiff,* FLEMING, KENNETH  VS. SOUTHWIRE COMPANY, LLC,, *Defendant*

LAMBERT, KENNETH
4782 PENNSYLVANIA AVENUE
ROANOKE                    VA    24019

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, JUDY C. COLLINS

By _____, DC

Date: 09/24/2015

Proof of Service

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To:

[ ] Not Served because:

Date: _____, 2_____                    Served by:

CM

CI    15-CI-00169
FLEMING, KENNETH  VS. SOUTHWIRE COMPANY, LLC,

Rev. 7-99

Case Number 15-CI-00169

Court CI

County KNOTT

Commonwealth of Kentucky
Court of Justice
CR 4.02; Cr Official Form 1



Civil Summons

*Plaintiff*, FLEMING, KENNETH  VS. SOUTHWIRE COMPANY, LLC,, *Defendant*

SOUTHERN COAL KY CORPORATION
SERVE: CT CORP. SYSTEM
306 WEST MAIN STREET SUITE 512
FRANKFORT            KY    40601

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, JUDY C. COLLINS

By _____ , DC

Date: 09/24/2015

Proof of Service
[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____

[  ] Not Served because: _____

Date: _____ 2 ___

Served by: _____

CI    15-CI-00169
FLEMING, KENNETH  VS. SOUTHWIRE COMPANY, LLC,

2015-05-12 14:29    KNOTT CO CIR CLK 6067853994 >> Frost Brown Todd LLC    P 5/5

AOC-3-105  Sum Code: CI
Rev. 7-99

Commonwealth of Kentucky
Court of Justice
CR 4.02; Cr Official Form 1



Civil Summons

Case Number 15-CI-00169
Court CI
County KNOTT

*Plantiff,* FLEMING, KENNETH   VS. SOUTHWIRE COMPANY, LLC,, *Defendant*

PREMIUM COAL COMPANY, INC.
SERVE: CT CORP. SYSTEM
800 S GAY STREET SUITE 2021
KNOXVILLE                TN    37929

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, JUDY C. COLLINS

By _____ , DC

Date: 09/24/2015

**Proof of Service**

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
    To: _____

[  ] Not Served because: _____

Date: _____, 2____                          Served by _____

C̸M̸

CI   15-CI-00169
FLEMING, KENNETH   VS. SOUTHWIRE COMPANY, LLC,